Nicholson's Estate.

*E. Spencer Miller*, for appellant, exceptant.

*J. Lee Patton*, for Commonwealth of Pennsylvania, respondent, contra.

LAMORELLE, P. J., Feb. 4, 1929.—The executors of the will of Alice Nicholson having made a return to the Register of Wills for the purpose of having transfer inheritance tax appraised, included in such return a fund of $5000 coming to her from a trust estate created by the will of Anna M. Powers. So far as the record discloses, no credit nor allowance was claimed for this particular fund and apparently it was treated by the executors as part of decedent's estate. The tax was assessed Sept. 21, 1927, and on the following day such tax was paid. It is nowhere alleged that the payment was made without prejudice or under protest. It is not denied that the money so received by the Register as agent for the Commonwealth has by him been. paid to the Commonwealth under section 23 of the Act of June 20, 1919, P. L. 521.

On Oct. 3, 1927, an account in the Estate of Anna M. Powers, deceased, was stated by Girard Trust Company, remaining trustee. The account was stated because of the death of Alice Nicholson. She had an equitable life interest in the $5000 with right of appointment. Alice Nicholson by her will directed the payment of her debts and bequeathed and devised the residue of her estate, including said sum of $5000, to her executors in trust. At that audit, the Auditing Judge was asked to award the $5000 directly to the trustees; this he declined to do, as to which see Fisher's Estate, 16 Dist. R. 151. The adjudication was handed down Oct. 8, 1927, the award being made to the executors *qua* executors, and not to them as trustees. As above stated, the executors had already included this fund of $5000 in their return for the

purpose of appraising and assessing tax. Afterwards, the executors took an appeal. The appeal was based on the allegation that the appellants were advised that no tax was chargeable against this particular fund.

The Hearing Judge ruled—and properly ruled—that payment extinguished the right of appeal, and we might well dismiss all exceptions to such ruling without further comment. Two of these exceptions related to the interpretation of section 13 of the Act of June 20, 1919, P. L. 521. Because of the rather unusual character of the case, we deem it advisable to enlarge somewhat upon the opinion of the Hearing Judge.

The instant case cannot be distinguished from Biddle's Estate, 37 Montg. Co. Law Repr. 178, except in this: that in that case the appeal was not taken by the executors who paid the tax, but by a cestui que trust who felt herself aggrieved because such tax had been assessed and paid. We quote from the opinion of Judge Solly:

"The Commonwealth claims that, as the tax was paid long before the appeal was taken, and as the appeal was taken more than thirty days after the appraisement was made and notice thereof given to the executors and trustees, the appraisement is conclusive on all parties, and it is too late to raise the question that the real estate situate in states other than Pennsylvania is not subject to the tax.

"Section 13 of the Act of June 20, 1919, P. L. 521, provides as follows: 'Any person not satisfied with any appraisement of the property of a resident decedent may appeal, within thirty days, to the Orphans' Court. . . . Upon such appeal, the court may determine all questions of valuation and of the liability of the appraised estate for such tax. . . .'

"The reason for the provision of the act as to the right of appeal would seem to be to afford any person liable to pay the tax (who is not satisfied with the appraisement) the opportunity to appeal within thirty days after notice of the appraisement, and before the payment of the tax, to the Orphans' Court and have determined all questions of valuation and of the liability of the estate for the tax. We are of the opinion that the tax cannot be paid and afterwards questions of valuation and liability for the tax determined by the court. The appeal must be taken before the tax is paid."

In the instant case, exceptants earnestly contend that payment of the tax, if made, is not a waiver of the right of appeal. Such contention is based on what we consider an erroneous interpretation of section 13 of the Act, supra. This section reads as follows:

"Section 13. Any person not satisfied with any appraisement of the property of a resident decedent may appeal, within thirty days, to the Orphans' Court on paying, or giving security to pay, all costs, together with whatever tax shall be fixed by the court. Upon such appeal, the court may determine all questions of valuation and of the liability to the trust estate for such tax, subject to the right of appeal to the Supreme or Superior Court."

The object of the word "paying" is either "costs" or "whatever tax shall be fixed by the court." It will be noted that a comma appears after the word "costs," seemingly to indicate that "paying" refers to costs. If this word refers to the tax, then, by elimination, the act would provide that an appeal can be taken "on paying (at once) . . . whatever tax shall be fixed by the court" (in the future), which would be absurd.

Further, there is no remedy provided in the act by which the court could enforce the return of tax paid under such conditions, but a remedy for refund under certain conditions, which may or may not apply in the instant case, from the State Treasury is provided.

We, therefore, conclude that the act is intended to mean "on paying, or giving security to pay, all costs, together with (security for) whatever tax shall be fixed by the court."

Since the hearing on exceptions, the record has been amended by agreement to show that the petitioners have entered security in the sum of $100 *for costs.*

As no argument was had on the merits, the third exception, which is, "the learned judge erred in not sustaining the appeal of these exceptants and directing a refund to them in $475," is also to be dismissed. If the fund was not in fact taxable, that question will be a matter for consideration if action be taken under section 40 of the Act of 1919, *supra.*

Accordingly, all exceptions are dismissed and the decree of the Hearing Judge in dismissing the appeal is sustained.